## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Southern (Greenbelt) Division

_____

CHANEL, INC.
Nine West 57th Street
New York, New York 10019,

      Plaintiff,

vs.

UMU CHERIF
7818 Chapel Cove Drive
Laurel, Maryland 20707-5843

and

DOES 1-10,

      Defendants.

_____

Civil No.: _____

Plaintiff, Chanel, Inc., a New York corporation ("Chanel") hereby sues Defendants, Umu Cherif, an individual, d/b/a J'Adore Lunique, d/b/a fancykouture.com d/b/a Fancy Kouture Accessories d/b/a @fancykouture-accessories d/b/a @fancykouture d/b/a @luciouskisses (collectively, "Cherif") and Does 1 – 10 (collectively with Cherif the "Defendants").  In support of its claims, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1.      This is an action pursuant to 15 U.S.C. §§ 1114, 1116, 1121 and 1125(a).  Accordingly, this Court has jurisdiction under 28 U.S.C. §§ 1331, 1332 and 1338.  Venue is proper in this Court pursuant 28 U.S.C. § 1391 since the Defendants reside and conduct business in this District.

**THE PARTIES**

2.     Chanel is a corporation duly organized under the laws of the State of New York with its principal place of business in the United States located at Nine West 57th Street, New York, New York 10019.  Chanel is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this District, high quality, handbags, shoes, belts, clothing, including belts, shirts, dresses and skirts, and costume jewelry, including necklaces and earrings, under Federally registered trademarks, including but not limited to CHANEL,  ,  and  (the "Chanel Marks").

3.     Umu Cherif is an individual, who, upon information and belief, resides and conducts business within this District at 7818 Chapel Cove Drive, Laurel, Maryland.  Cherif has registered the trade name "J'Adore Lunique" with the Maryland Department of Assessments and Taxation.  Cherif is subject to personal jurisdiction in this Court.

4.     Upon information and belief, Cherif is directly engaging in the sale of counterfeit and infringing products at least within this District as alleged herein, and uses the trade name J'Adore Lunique and the aliases "fancykouture.com," "Fancy Kouture Accessories," "@fancykouture-accessories," "@fancykouture," and "@luciouskisses" in connection with the operation of her business.

5.     Defendants Does 1-5 are, upon information and belief, individuals who reside and/or conduct substantial business within this District.  Further, Does 1-5 are directly and personally contributing to, inducing and engaging in the sale of counterfeit products as alleged herein as partners or suppliers to the Cherif.  Chanel is presently unaware of the true names of Does 1-5.  Chanel will amend this Complaint upon discovery of the identities of such fictitious Defendants.

2

6.      Defendants Does 6-10 are business entities which, upon information and belief, reside and\or conduct business within this District.  Moreover, Does 6-10 are, upon information and belief, directly engaging in the sale of counterfeit products as alleged herein as partners or suppliers to Cherif.  Chanel is presently unaware of the true names of Does 6-10.  Chanel will amend this Complaint upon discovery of the identities of such fictitious Defendants.

## COMMON FACTUAL ALLEGATIONS

7.      Chanel is the owner of all rights in and to the following trademarks protected by United States Federal Trademark Registrations:

| Trademark | Registration Number | Registration Date | Class(es)/Goods |
|---|---|---|---|
| | 1,501,898 | August 30, 1988 | (Int'l Class: 6) Keychains<br><br>(Int'l Class: 14) Costume jewelry<br><br>(Int'l Class: 16) Gift wrapping paper<br><br>(Int'l Class: 25) Blouses, shoes, belts, scarves, jackets, men's ties<br><br>(Int'l Class: 26) Brooches, buttons for clothing |
| | 4,241,822 | November 13, 2012 | (Int'l Class: 25) Clothing; namely, coats, jackets, dresses, tops, blouses, sweaters, cardigans, skirts, vests, pants, jeans, belts, swim wear, pareos, beach cover-ups, hats, sun visors, scarves, shawls, ties, gloves, footwear, hosiery and socks |
| | 1,734,822 | November 24, 1992 | (Int'l Class: 18) Leather goods; namely, handbags, wallets, travel bags, luggage, business card cases, change purses, tote bags, and cosmetic bags sold empty |
| | 1,241,264 | June 7, 1983 | (Int'l Class: 25) Suits, jackets, skirts, dresses, pants, blouses, tunics, sweaters, cardigans, tee-shirts, coats, raincoats, scarves, shoes and boots |
| CHANEL | 1,241,265 | June 7, 1983 | (Int'l Class: 25) Suits, jackets, skirts, dresses, pants, blouses, tunics, sweaters, cardigans, coats, raincoats, scarves, shoes and boots |

which are registered in International Classes 14, 18, and 25, and are used in connection with the

manufacture and distribution of, among other things, handbags, shoes, belts, clothing, including

belts, shirts, dresses and skirts, and costume jewelry, including necklaces and earrings.

Additionally, Chanel is the owner of all common law rights in and to the CHANEL,  , 

and  Marks as associated with handbags, shoes, belts, clothing, including belts, shirts,

dresses and skirts, and costume jewelry, including necklaces and earrings (the above-identified

common law and registered marks shall collectively be referred to herein as the "Chanel Marks")

8.      The Chanel Marks have been used in interstate commerce to identify and

distinguish Chanel's high quality handbags, shoes, belts, clothing, including belts, shirts, dresses

and skirts, and costume jewelry, including necklaces and earrings, and other goods for an

extended period of time.

9.      The Chanel Marks have never been assigned or licensed to any of the Defendants.

10.     The Chanel Marks are symbols of Chanel's quality, reputation, and goodwill and

have never been abandoned.

11.     Further, Chanel has expended substantial time, money and other resources

developing, advertising, and otherwise promoting the Chanel Marks.  The Chanel Marks qualify

as famous marks as that term is used in 15 U.S.C. §1125(c)(1).

12.     Chanel has extensively used, advertised and promoted the Chanel Marks in the

United States in association with the sale of high quality handbags, shoes, belts, clothing,

including belts, shirts, dresses and skirts, and costume jewelry, including necklaces and earrings,

and other goods and has carefully monitored and policed the use of the Chanel Marks.

13.     As a result of Chanel's efforts, members of the consuming public readily identify

merchandise bearing the Chanel Marks, as being high quality merchandise sponsored and

approved by Chanel.

14.     Accordingly, the Chanel Marks have achieved secondary meaning as identifiers of high quality handbags, shoes, belts, clothing, including belts, shirts, dresses and skirts, and costume jewelry, including necklaces and earrings.

15.     Upon information and belief, at all times relevant hereto, the Defendants in this action had full knowledge of Chanel's ownership of the Chanel Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

16.     Chanel has discovered that the Defendants are promoting and otherwise advertising, distributing, selling and/or offering for sale counterfeit products, including at least handbags, shoes, belts, clothing, including belts, shirts, dresses and skirts, and costume jewelry, including necklaces and earrings, bearing trademarks that are exact copies of the Chanel Marks (the "Infringing Goods").  Specifically, the Defendants are using the Chanel Marks in the same stylized fashion, for different quality goods.

17.     The Defendants' Infringing Goods are of a quality substantially different than that of Chanel's genuine goods.  Despite the nature of their Infringing Goods and the knowledge they are without authority to do so, the Defendants, upon information and belief, are actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale their Infringing Goods with the knowledge that such goods will be mistaken for the genuine high quality products offered for sale by Chanel.  The net effect of the Defendants' actions will be to result in the confusion of consumers who will believe the Defendants' Infringing Goods are genuine goods originating from and approved by Chanel.

18.     The Defendants advertise their Infringing Goods for sale to the consuming public. In so advertising these products, the Defendants use the Chanel Marks.  Indeed, the Defendants herein misappropriated Chanel's advertising ideas and entire style of doing business with regard

to the advertisement and sale of Chanel's genuine products.  Upon information and belief, the

misappropriation of Chanel's advertising ideas in the form of the Chanel Marks has occurred, in

part, in the course of Defendants' advertising activities and has been the proximate cause of

damage to Chanel.

19.     The Defendants are conducting their counterfeiting and infringing activities at

least within this District.  As a result, the Defendants are defrauding Chanel and the consuming

public for the Defendants' own benefit.  Defendants' infringement and disparagement of Chanel

does not simply amount to the wrong description of their goods or the failure of the goods to

conform to the advertised quality or performance.

20.     The Defendants' use of the Chanel Marks, including the promotion and

advertising, reproduction, distribution, sale and offering for sale of their Infringing Goods, is

without Chanel's consent or authorization.

21.     Further, the Defendants are engaging in the above-described illegal counterfeiting

and infringing activities knowingly and intentionally or with reckless disregard or willful

blindness to Chanel's rights for the purpose of trading on the goodwill and reputation of Chanel.

If the Defendants' intentional counterfeiting and infringing activities are not preliminarily and

permanently enjoined by this Court, Chanel and the consuming public will continue to be

damaged.

22.     The Defendants' above-identified infringing activities are likely to cause

confusion, deception, and mistake in the minds of consumers, the public, and the trade.

Moreover, the Defendants' wrongful conduct is likely to create a false impression and deceive

customers, the public, and the trade into believing there is a connection or association between

Chanel's genuine goods and the Defendants' Infringing Goods.

23.     Chanel has no adequate remedy at law.

24.     Chanel is suffering irreparable injury and has suffered substantial damages as a result of the Defendants' counterfeiting and infringing activities.

25.     The injuries and damages sustained by Chanel have been directly and proximately caused by the Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of their Infringing Goods.

26.     Chanel has retained the undersigned counsel to represent it in this matter and is obligated to pay said counsel a reasonable fee for such representation.


**COUNT I - TRADEMARK INFRINGEMENT**

27.     Chanel hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 26 above.

28.     This is an action for trademark infringement against the Defendants based on their promotion, advertisement, distribution, sale and/or offering for sale of the Infringing Goods bearing the Chanel Marks.

29.     Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale and distributing counterfeit and infringing handbags, shoes, belts, clothing, including belts, shirts, dresses and skirts, and costume jewelry, including necklaces and earrings, bearing the Chanel Marks.  The Defendants are continuously infringing, contributing to infringement by others and inducing others to infringe the Chanel Marks by using them to advertise, promote, and sell infringing handbags, shoes, belts, clothing, including belts, shirts, dresses and skirts, and costume jewelry, including necklaces and earrings.

30.     Defendants' counterfeiting and infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Infringing Goods bearing the Chanel Marks.

31.     The Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Chanel.

32.     Defendants' above-described illegal actions constitute counterfeiting and infringement of the Chanel Marks in violation of Chanel's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

33.     Chanel has suffered and will continue to suffer irreparable injury due to the above-described activities of the Defendants if the Defendants are not permanently enjoined.

## COUNT II - FEDERAL TRADEMARK COUNTERFEITING
## PURSUANT TO § 32 OF THE LANHAM ACT

34.     Chanel hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 33 above.

35.     This is an action for trademark counterfeiting against the Defendants based on their promotion, advertisement, distribution, sale and/or offering for sale of handbags, shoes, belts, clothing, including belts, shirts, dresses and skirts, and costume jewelry, including necklaces and earrings bearing counterfeits of one or more of the Chanel Marks.

36.     Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale and distributing at least handbags, shoes, belts, clothing, including belts, shirts, dresses and skirts, and costume jewelry, including necklaces and earrings, bearing counterfeits of the Chanel Marks.  The Defendants are continuously infringing and inducing others to infringe the Chanel Marks.

37.    Defendants' counterfeiting activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' goods.

38.    The Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Chanel.

39.    Defendants' above-described illegal actions constitute counterfeiting of the Chanel Marks in violation of Chanel's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

40.    Chanel has suffered and will continue to suffer irreparable injury due to the above described activities of the Defendants if the Defendants are not enjoined.

**COUNT III - FALSE DESIGNATION OF ORIGIN
PURSUANT TO § 43(a) OF THE LANHAM ACT**

41.    Chanel hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 40 above.

42.    The Defendants' Infringing Goods bearing and sold under the Chanel Marks have been widely advertised and distributed throughout the United States.

43.    The Defendants' Infringing Goods bearing and sold under the Chanel Marks are virtually identical in appearance to each of Chanel's respective genuine goods.  However, the Infringing Goods are different and likely inferior in quality.  Accordingly, the Defendants' activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of the Infringing Goods.

44.    The Defendants have used in connection with their sale of Infringing Goods, false designations of origins and false descriptions and representations, including words or other symbols and trade dress which tend to falsely describe or represent such goods and have caused

such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of Chanel.

45.     Specifically, the Defendants have authorized an infringing use of the Chanel Marks, in the Defendants' advertisement and promotion of their counterfeit and infringing handbags, shoes, belts, clothing, including belts, shirts, dresses and skirts, and costume jewelry, including necklaces and earrings.  The Defendants have misrepresented to members of the consuming public that the Infringing Goods being advertised and sold by them are genuine, non-infringing products.

46.     The Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

47.     Chanel has sustained injury and damage caused by Defendants' conduct, and absent an entry of an injunction by this Court, Chanel will continue to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

### COUNT IV - COMMON LAW TRADEMARK INFRINGEMENT

48.     Chanel hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 47 above.

49.     This is an action for common law trademark infringement against the Defendants based on their promotion, advertisement, offering for sale, and sale of the Infringing Goods. Chanel is the owner of all common law rights in and to the Chanel Marks.

50.     Specifically, the Defendants are promoting and otherwise advertising, offering for sale, selling and distributing infringing products bearing the Chanel Marks.

51.     Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public

as to the origin and quality of Defendants' products.    Chanel has no adequate remedy at law and is suffering damages and irreparable injury as a result of Defendants' actions.

52.    Plaintiff has sustained injury and damage caused by the Defendants' conduct, and absent an entry of an injunction by this Court, Plaintiff will continue to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

**PRAYER FOR RELIEF**

53.    WHEREFORE, Chanel demands judgment, jointly and severally, against the Defendants as follows:

a.    Entry of a permanent injunction enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Infringing Goods; from infringing, counterfeiting, or diluting the Chanel Marks; from using the Chanel Marks, or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or trade dress which may be calculated to falsely advertise the services or products of the Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Chanel; from falsely representing themselves as being connected with Chanel, through sponsorship or association, or engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of the Defendants, or in any way endorsed by, approved by, and/or associated with Chanel; from using any reproduction, counterfeit, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by the Defendants,

including, without limitation, handbags, shoes, belts, clothing, including belts, shirts, dresses and skirts, and costume jewelry, including necklaces and earrings, and other goods; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Chanel, or in any way endorsed by Chanel and from offering such goods in commerce; and from otherwise unfairly competing with Chanel.

b.      Entry of an Order requiring Defendants to account to and pay Chanel for all profits and damages resulting from Defendants' trademark infringement and counterfeiting activities and that the award to Chanel be trebled, as provided for under 15 U.S.C. §1117, or, at Chanel's election with respect to Count I, that Chanel be awarded statutory damages from each Defendant in this matter in the amount of two million dollars ($2,000,000.00) per each counterfeit trademark used and product sold, as provided by 15 U.S.C. §1117(c)(2) of the Lanham Act.

c.      Entry of an Order awarding Chanel damages, trebled pursuant to 15 U.S.C. § 1117(a), arising out of Defendants' acts of willful trademark infringement and counterfeiting of the Chanel Marks.

d.      Entry of an award of Chanel's costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

     e.       Entry of an award of pre-judgment interest on the judgment amount.

     f.       Entry of an Order for any further relief as the Court may deem just and proper.

          Respectfully submitted,

             BREGMAN, BERBERT, SCHWARTZ& GILDAY, LLC

By:___/s/ Geoffrey T. Hervey_____
       Geoffrey T. Hervey, #04243
       7315 Wisconsin Avenue
       Suite 800 West
       Bethesda, Maryland 20814
       Telephone: (301) 656-2707
       Facsimile: (301) 961-6525
       Email: ghervey@bregmanlaw.com
       Counsel for the Plaintiff,
       Chanel, Inc.

Of Counsel:
Stephen M. Gaffigan, Esquire
Stephen M. Gaffigan, P.A.
312 S.E. 17th Street, Second Floor
Ft. Lauderdale, Florida 33316
Telephone: (954) 767-4819